# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ALBERT MONTGOMERY, | : | |
| Plaintiff, | : | Case No. 3:15cv0005 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Chief Magistrate Judge Sharon L. Ovington |
| WARDEN HOOKS, | : | |
| Ross Correctional Institution, *et al.*, | | |
| | : | |
| Defendants. | | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Albert Montgomery is an inmate at the Ross Correctional Institution in Chillicothe, Ohio. He brings this matter pro se by submitting a document captioned, "Writ of Mandamus." He has yet to pay the filing fee or submit an application to proceed in forma pauperis. As a result, initial review of his Writ of Mandamus is warranted to determine if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted." 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); *see Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008).

Montgomery explains that on April 30, 2013, he was found guilty in the Franklin County, Ohio Court of Common Pleas (case no. CPC 12-CR-11-6125) on three charges of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

trafficking in cocaine and manufacturing cocaine. He was sentenced to 16 years of imprisonment. This sentence, he argues, was "well beyond the federal guidelines, Senate Bill 86." (Doc. #1, PageID at 1). He further argues that there was no evidence supporting his convictions – no DNA or fingerprint evidence, no video or audio recordings, no marked bills, and no clear description of the man two witnesses identified as Montgomery. And he asserts that his constitutional rights have been violated and asks the Court to protect him "from further abuse." *Id*., PageID at 2. The relief Montgomery seeks is an Order granting him asylum and stopping the "defendants from doing this to others." *Id.*

Under the Federal Rules of Civil Procedure, the writ of mandamus has been abolished. Fed. R. Civ. P. 81(b). Yet, the All Writs Act broadly authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to usages and principles of law." 28 U.S.C. §1651(a). The All Writs Act does not independently confer federal jurisdiction. *Privett v. Pellegrin*, 1986 WL 16899, at *1 (6th Cir. 1986) (citing *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970)).

In the present case, the mandamus statute that potentially creates original federal jurisdiction in the U.S. District Courts applies to "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. This statute fails to provide this Court with original jurisdiction over Montgomery's "Writ of Mandamus" because he seeks

mandamus relief against state, not federal, officials – specifically, the Warden of Ross Correctional Institution, the Ohio Governor, and Franklin County Judge Hogan.

Additionally, Montgomery would be entitled to mandamus relief only when there is no other adequate remedy available to him. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *see also Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 491 (6th Cir. 2011). Montgomery's Writ of Mandamus seeks relief from his convictions in state court. Such relief is potentially available by way of a petition for writ of habeas corpus under 28 U.S.C. §2254, after Montgomery fully exhausts his remedies in the Ohio courts. *See* 28 U.S.C. §§ 2254(b), (c); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971). As a result, dismissal of Montgomery's Writ of Mandamus is warranted. Such dismissal should be without prejudice to refiling, after full exhaustion, a Petition for Writ of Habeas Corpus under §2254. In the event Montgomery chooses to file a petition for writ of habeas corpus, he must do so in U.S. District Court, Southern District of Ohio, Eastern Division in Columbus, Ohio. *See* 28 U.S. §2241(a); *see also* S.D. Ohio Civ. R. 82.1(b).

Accordingly, Montgomery's Writ of Mandamus lacks an arguable basis in law. It is therefore frivolous and subject to *sua sponte* dismissal under 28 U.S.C. §§1915(e)(2), 1915A(b)(1). *See Brand*, 526 F.3d at 923 (and cases cited therein).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Montgomery's Writ of Mandamus (Doc. #1) be DISMISSED without prejudice to refiling, in the U.S. District Court for the Southern District of

      Ohio, Eastern Division in Columbus, Ohio, as a petition for writ of habeas corpus under 28 U.S.C. §2254 after exhaustion of state remedies; and

2.     The case be terminated on the docket of this Court.


January 9, 2015

                                                          s/Sharon L. Ovington
                                                            Sharon L. Ovington
                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).